IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-576-MHT-JTA |
| | ) | (WO) |
| CIRCLE K INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

For the reasons set forth below, it is the Recommendation of the Magistrate Judge

that this case be dismissed with prejudice for failure to prosecute and for failure to comply

with the court's orders, and in accordance with the court's inherent authority to manage its

docket to secure the orderly and expeditious disposition of the cases on its docket.

## I.  STANDARD OF REVIEW

"A district court has inherent authority to manage its own docket 'so as to achieve

the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla.

Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers

v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Consistent with this authority, and also pursuant

to Rule 41(b)[1] of the Federal Rules of Civil Procedure, "the court may dismiss a plaintiff's

---

[1] Though Rule 41(b) refers specifically to dismissal on a defendant's motion, "[a] federal district court has the inherent power to dismiss a case *sua sponte* under Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with a court order." *Rodriguez v. Lawson*, 848 F. App'x 412, 413 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005)).

action *sua sponte* for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure or a court order." *Centurion Sys., LLC v. Bank of New York Melon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448071, at *1 (M.D. Fla. Aug. 12, 2021) (citing *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)), *report and recommendation adopted sub nom. Centurion Sys., LLC v. Bank of New York Mellon*, No. 8:21-CV-726-SDM-AAS, 2021 WL 7448080 (M.D. Fla. Aug. 27, 2021). "Included within this inherent power is the authority to 'impose formal sanctions upon dilatory litigants.'" *Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 989 (11th Cir. 2015) (quoting *Mingo v. Sugar Cane Growers Co–op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989)). "'The power to invoke this sanction [of dismissal for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourt.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)).[2]

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion." *Id*. at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)). "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quoting *Jones*, 709 F.2d at 1458). Further, if a court finds a clear record of delay or

---

[2] *In Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

contumacious conduct by the plaintiff, dismissal for failure to comply with court orders may be a dismissal with prejudice. *See McKinley v. F.D.I.C.*, 645 F. App'x 910, 911 n.3 (11th Cir. 2016) (citing *McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986)). "[S]uch dismissal [with prejudice] is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *McKelvey*, 789 F.2d at 1520. Extreme circumstances justifying dismissal with prejudice "must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citations omitted).

## II. THE COMPLAINT

Smith has filed numerous lawsuits against Circle K and its employees, including Defendant Adrian,[3] several of which are currently pending, and the rest of which – consistent with Smith's overall vexatious litigation record – have been dismissed prior to service of process for failure to state a claim upon which relief can be granted, failure to comply with court orders, failure to prosecute, or lack of jurisdiction.[4]

---

[3] Smith does not supply Adrian's full name, so it is not clear whether "Adrian" is a first or last name. Male pronouns are used for him because, in another case filed against Adrian, Smith indicates that Adrian is a male. *Smith v. Adrian*, 23-cv-190-RAH-JTA (Doc. No. 1).

[4] *See, e.g.*, *Smith v. Circle K Inc., et al.*, 2:23-cv-00578-ECM-CWB (alleging two women stared at Smith in the Circle K and asked him to move his things so that they could access the chili dispenser, which he refused to do because he was heating his food in the microwave after purchasing a Polar Pop, after which he was told to leave the store; case was dismissed without prejudice for failure to comply with the court's order to amend the complaint); *Smith v. Circle K Inc., et al.*, 2:23-cv-00576-MHT-JTA (seeking "$1.8 billion" in damages because Circle K employee Adrian called the police, who arrived in time to witness Smith purchase an oatmeal cream pie at the Circle K self-checkout station; the police told Smith he was banned from the store, would not be allowed back in the store, and could be arrested if he did go back in); *Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA (seeking "$350 million" in damages because the defendant yelled at Smith "from across the store" and accused Smith of being unable to read; a recommendation has been entered for dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure

to state a claim upon which relief can be granted and for failure to comply with a court order to amend the complaint); *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP (seeking $200,000,000.00 in damages in a case arising out of an incident in which the defendant told Smith he was not allowed in the Circle K store anymore, refused to sell to Smith, yelled at him, and told him to put back items that he had selected; the case was dismissed for failure to comply with court orders); *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA (seeking damages in the amount of "$1 Billion as well as pain and suffering" and punitive damages for creation of a "hosstile (sic) shopping environment," two separate alleged assaults on Smith by Circle K employees (one of which was not committed by the defendant), defamation, witness tampering, gender, age, and race discrimination, "[c]onspiracy to commit bodily harm on Law Enforcement," and "[c]onspiracy to commit bodily harm on a picensed (sic) paralegal"; a recommendation has been entered for dismissal prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted)); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00078-MHT-JTA (seeking damages in the amount of "$350 million" in a complaint arising out of an alleged incident in which Smith was sitting at a table at Circle K after purchasing an item and Circle K employee Amy Willard asked him to leave the store; the incident occurred on a "Thursday afternoon prior to 6:00 p.m." when "everyone knew about the bad weather com[]ing on that Friday"; a recommendation has been entered for dismissal pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and for failure to comply with a court order to amend the complaint); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA (in which Plaintiff sought $251,000,000.00 in compensatory damages arising from an incident in which Willard "sprayed an unknown chemical substance" near Smith and refused to check out his items at her register, though another employee at another register checked his items out; the case was dismissed for failure to comply with court orders to submit an affidavit in support of the IFP motion or pay the filing fee); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00022-RAH-KFP (seeking $250,000,000.00 in damages on a claim that Circle K employee Willard refused to serve Smith and instead called police to escort him from the store, allegedly in retaliation for previous lawsuits and on the basis of race and gender; the case was dismissed for failure to comply with court orders to submit an affidavit in support of the IFP motion or pay the filing fee); *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB (seeking $202,000,000.00 in damages on claims arising out of a dispute that originated when a store employee offered Smith cooked food which then led to an incident in which store employees allegedly refused to sell him water and a newspaper and instead called the police, and also arising out of a separate incident concerning a dispute over whether Smith was entitled to a free bottle of water; case was dismissed for lack of jurisdiction).

4

In his Complaint in this case, Smith sues Defendants Circle K Inc., Alimentation Couche-Tard, CEO Brian Hannasch,[5] Shannon,[6] and Adrian. Smith alleges that, on Wednesday, September 27, 2023, between the hours of 12:30 p.m. and 2:30 p.m., he was at the Circle K convenience store and Adrian called the Montgomery Police Department. (Doc. No. 1 at 2.) Police officers arrived just in time to see Smith purchase an oatmeal cream pie with a Regions Bank card. After Smith made his "second purchase of the day at that location,"[7] a white male police officer told him that he was banned from the store, could not reenter the store, and, if he did, that a warrant could be issued and he could be arrested. Smith explained to the officers that he was not in the store on his own behalf, but on behalf of the U.S. Government, because he is a food stamp recipient and "food stamp dollars come from the U.S. Government." (*Id*. at 2-3.) Adrian and Shannon were at the Circle K when the police told Smith he was banned from the store. Smith alleges absolutely no other material facts regarding the incident that gave rise to his Complaint in this action. Smith also represents to the court that he is "Law Enforcement" because he has a four-year degree from Auburn University at Montgomery ("AUM") in Justice and Public Safety that is signed by the Governor of Alabama and various AUM officials.[8] (*Id*. at 4.) The

---

[5] Smith does not indicate for what company Defendant Hannasch serves as CEO.

[6] Smith does not indicate Shannon's gender or whether "Shannon" is a first or last name. Therefore, Shannon will be discussed in gender-neutral terms. Smith also does not indicate whether Shannon is a Circle K employee. The only factual allegation against Shannon was that "Shannon was also in the store" during the events described in the Complaint. (Doc. No. 1 at 2.)

[7] Smith does not explain whether the oatmeal cream pie was his first or second purchase at Circle K that day.

[8] This allegation is preposterous. Merely having a degree in a law-enforcement-related field, even if that degree is signed by government officials because the educational institution is a public one, does not confer "law enforcement" status on anyone. Based on the degree he claims to hold, Smith

remainder of the Complaint is mostly a rattled-off list[9] of causes of action (some that are

recognized civil causes of action and some, like "harassment of a homeless food stamp

recipient" that are not).[10] Smith includes a demand for "$1.8 Billion" in damages. (*Id*. at

4.)

### III. DISCUSSION

Peter J. Smith is a frequent *pro se* litigant in this court.[11] In fact, he has distinguished

himself as one of the most notoriously, persistently, and intransigently prolific filers of

___

should know that. Smith is expected not to repeat this allegation in the future and is reminded again
of the requirements of Rule 11 of the Federal Rules of Civil Procedure.

[9] Smith has been told on numerous occasions that simply rattling off the names of some federal
civil causes of action (and other things that sound vaguely like but are not recognized federal civil
causes of action) is insufficient to state a cause of action under federal law. As Smith well knows,
the Complaint must state facts establishing that the pleader is entitled to relief. *See, e.g., Smith v.
Adrian*, Case No. 2:23-cv-00191-MHT-KFP (Doc. No. 9 at 5) (advising Smith that naming causes
of action, without sufficient facts to establish those causes of action, is not sufficient to state a
claim upon which relief can be granted).

[10] Causes of action and purported causes of action mentioned in the Complaint are: "a pattern and
practice of defamation, racial profileing and harassment, retaliation for fileing cases against not
only Circle K but the City of Montgomery … creating a hostile shopping environment for … food
stamp recipients and homeless [people], mental anguish, … emotional distress," "racial
discrimination, harassment of a homeless food stamp recipient and harassment of law
enforcement." Some of these were listed at least twice. (Doc. No. 1 at 3-4 (sic).) Smith also alleges
that, "now then do we have a conspiracy at this time" and "[t]he USDOJ will find out" because he
filed some lawsuits against the City of Montgomery. However, he alleges no facts beyond his own
implied speculation connecting his lawsuits against the City of Montgomery to the actions of any
Defendant in this case.

[11] As of the date of this Recommendation, Smith has filed forty-nine cases in this court. "A review
of the cases filed by Smith shows that, although he filed his first case here in 2006 and became a
frequent litigant soon thereafter, his filing rate has significantly accelerated in the last year or two."
*Id*. at n.4. Nearly every case Smith has filed has been dismissed pursuant to 28 U.S.C.  §
1951(e)(2)(B) as frivolous or for failure to state a claim upon which relief can be granted, for
failure to comply with court orders, for failure to prosecute, or for lack of jurisdiction. *See Smith
v. Circle K Inc., et al.,* 2:23-cv-00578-ECM-CWB; *Smith v. Circle K Inc., et al.,* 2:23-cv-00576-
MHT-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA; *Smith v. Adrian*, Case No. 2:23-
cv-00191-MHT-KFP; *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA; *Smith v. Circle K Inc.*,
Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA;

meritless[12] *in forma pauperis* cases in this court's history. Smith is thoroughly familiar

with the proper procedures for filing motions for leave to proceed *in forma pauperis*, as is

evident from the many cases in which he has filed adequately-supported motions for leave

to proceed *in forma pauperis*, as well as from the many cases in which he has been

---

*Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; *Smith v. City of Montgomery*, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00440-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

[12] Of Smith's cases that are no longer pending, the overwhelming majority were dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2) or for failure to prosecute or comply with court orders. Some were dismissed for other reasons, such as lack of jurisdiction.

instructed to correct inadequately-supported IFP motions.[13] His cognizance of the requirement of filing a supporting affidavit is also evident from the face of his motion to proceed *in forma pauperis*, which states, falsely, that a supporting affidavit is attached. (Doc. No. 2 at 1.) Smith is also aware of the necessity of complying with court orders and of the consequences of noncompliance, as is evident from the many orders entered in many cases warning him of that fact, several cases he has filed that were dismissed for failure to comply with court orders,[14] and the order entered in this case (Doc. No. 6 at 4) warning him of the consequences of failure to comply with the court's Orders.

---

[13] In addition, Smith has represented to this court that he is a licensed paralegal. As a licensed paralegal, he would know to attach an affidavit and he would also know not to file a document falsely stating that an affidavit was attached to that document. *See, e.g., Smith v. Adrian*, Case No. 2:23-cv-190-RAH-JTA (Complaint, Doc. No. 1 at 2-3) (in which Smith referred to himself as both a "Licensed Paralgegal" and a "piscensed Paralegal")).

[14] The following list merely provides some examples and is not intended to be an exhaustive list of the cases filed by Smith that were dismissed for failure to comply with court orders: *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA (after Smith failed to comply with orders to file a corrected *in forma pauperis* motion and subsequent orders to pay the filing fee, the action was dismissed for failure to comply with the court's orders, and alternatively, in accordance with the court's inherent authority to manage its docket to secure the orderly and expeditious disposition of the cases on its docket); *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA (dismissed for failure to comply with court orders and failure to prosecute); *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA (claims dismissed pursuant to 28 U.S.C. § 1915(e)(2) after Smith failed to comply with an order to amend his complaint); *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC (dismissed for failure to state a claim and failure to comply with court orders; the complaint was a shotgun complaint and, after being granted three motions for extension of time, Plaintiff had not complied with the order to amend the complaint); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB (dismissed with prejudice prior to service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)); *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM (dismissed for failure to prosecute and failure to comply with court orders); *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC (dismissed without prejudice for failure to state a

On September 29, 2023, Smith filed his motion for leave to proceed *in forma pauperis*. (Doc. No. 2.) Though he affirmatively misrepresented to the court that an affidavit was attached to the motion, the motion was not supported by an affidavit, though he well knows it should have been. (Doc. No. 2 at 1.) *See* 28 U.S.C. § 1915(a)(1) (requiring an affidavit setting forth the movant's assets and demonstrating that the movant is unable to pay the filing fees). Therefore, on October 24, 2023, the court denied the motion to proceed *in forma pauperis*, pointed out that, "[o]n many prior occasions, Smith has been told that failure to attach the sworn affidavit renders his motion incomplete, lacking the necessary information to justify a finding in his favor," noted that "Smith also has been informed many times that he violates Rule 11 of the Federal Rules of Civil Procedure by filing a document that he knows or should know is meritless," and found that "the errors in the [IFP] motion are … not made in good faith." (Doc. No. 6.) The court then ordered Smith to "file a complete, signed and dated application to proceed in this court without the prepayment of fees or costs by submitting Form AO-240" (or, alternatively, to pay the filing fee) on or before November 7, 2023. (*Id*. at 4.) Finally, the court stated:

> **Plaintiff is cautioned that failure to comply with this Order may lead to dismissal with or without prejudice of this case for failure to comply with court orders in accordance with this Court's inherent power to manage its cases and ensure compliance with its orders. Failure to comply with this Order may also lead to dismissal for failure to prosecute.**

(*Id*. at 4 (emphasis in original).)

---

claim and for failure to comply with the court's orders; appeal dismissed for failure to pay the docketing fees).

Again, Smith is a frequent litigant in this court, having filed at least forty-seven cases here (and counting) – most, if not all,[15] *in forma pauperis*. He knows how to correctly file a motion for leave to proceed *in forma pauperis*. He had more than sufficient time (over five weeks, including thirteen days at the court's direction after being informed that the application was deficient) to correct his *in forma pauperis* motion. Yet, Smith did not correct his motion or pay the filing fee before the deadline set by the court. Smith knows that he is required to comply with the court's orders and has been warned frequently in many, many cases, including this case, of the consequences of failure to comply with court orders. *See*, *e.g.*, *Smith v. Jackson Hosp.*, No. 2:21-CV-238-RAH-SMD, 2022 WL 2111839, at *1 (M.D. Ala. May 18, 2022), *report and recommendation adopted*, No. 2:21-CV-238-RAH, 2022 WL 2110424 (M.D. Ala. June 10, 2022) (noting warnings that "**failure to comply**" with the court's orders would "**result in a recommendation that this case be dismissed for failure to prosecute this action and/or for failure to abide by orders of the Court**" (emphasis in original)); *Shivers v. Cellulose*, No. CV 15-0429-WS-M, 2016 WL 7015654, at *1 (S.D. Ala. Nov. 29, 2016) ("Even *pro se* litigants are expected to comply with court orders, deadlines[,] and rules." (collecting cases)).

Smith has multiple cases[16] currently pending before this court and is responsible for an increasingly disproportionate share of this district's caseload. If, in each of his many

---

[15] The undersigned is not aware of any cases Smith has filed without moving for *in forma pauperis* status, but has not expended the judicial resources that would be required to determine if there are any rare exceptions.

[16] Smith currently has three cases pending in this court.

cases, he is not held to the same standard as other litigants and required to timely comply with court orders (particularly where, as here, he offers no justifiable reason for his failure to comply), the impact on the efficiency of administration of justice and judicious use of limited court resources will be and is palpable in other cases and matters before the court. "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal with prejudice, continue in their recalcitrance." *Nurse*, 618 F. App'x at 991 (citing *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006)). Smith cannot simply disregard court orders at his whim.

As demonstrated by the cases cited throughout this Recommendation, Smith's failure to comply with the October 24, 2023 Order (Doc. No. 6) is part of a years-long, repeated pattern in multiple cases before multiple judges in this court in which Smith openly flouts court orders instructing him to correct a failure to provide an affidavit with his IFP motion or to perform other tasks necessary to the prosecution of his case, such as amending his complaint. *See Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB, Docs. No 25, 26 (April 3, 2017 M.D. Ala.) ("Despite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply." (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)). These failures to comply with court orders delay the administration of justice and waste valuable court resources, especially time. The court has considered the range of sanctions available for enforcement of its orders and finds that no sanction but dismissal will suffice in this case.

Given Smith's pattern of recalcitrance in this and other cases, further orders requiring Smith to submit an IFP motion with a supporting affidavit would be a waste of judicial resources. Smith has engaged in willful delay and a pattern of contumacious disregard of the court's orders. Smith contends that he is an indigent plaintiff, so it is unlikely the court could extract a monetary penalty from him. In any event, the case cannot proceed without a properly filed IFP motion or, alternatively, payment of the filing fee. Dismissal is the only feasible sanction.

Moreover, mere dismissal without prejudice would be no sanction at all; rather, it would operate as an opportunity for Smith to escape any consequence for failing to comply with the court's orders by allowing him a chance to refile his Complaint in a new action, along with another unmerited opportunity to file an *in forma pauperis* motion. Smith was warned of the consequence of dismissal with prejudice, and, because he is entitled to object to this Recommendation, he will have an opportunity to explain to the District Judge any reason why he feels that his conduct does not merit dismissal with prejudice.

In sum, this case is due to be dismissed with prejudice because lesser sanctions would not suffice. *Cf.*, *e.g.*, *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (affirming a dismissal of a *pro se* litigant's case for failure to comply with court orders and stating that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion"); *Wilson v. Sec'y, Fla. Dep't of Corr.*, No. 1:21-CV-141-AW-GRJ, 2022 WL 1667566, at *1 (N.D. Fla. Mar. 17, 2022), *report and recommendation adopted*, No. 1:21-CV-141-AW-GRJ, 2022 WL 1664066 (N.D. Fla. May 25, 2022) (dismissing a complaint for failure to pay the filing fee upon a finding that

12

the plaintiff's failure to comply with orders to do so and noting that "any sanction short of dismissal will not remedy [the plaintiff's] noncompliance"); *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA, Docs. No. 9, 11, 12 (dismissing with prejudice another of Smith's cases under similar circumstances); *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB, Docs. No 25, 26 (April 3, 2017 M.D. Ala.) (dismissing with prejudice Smith's complaint against the Montgomery Police Department upon adoption of the magistrate judge's recommendation in which the magistrate judge found that "Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court," and "[d]espite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply" (Case No. 2:16-cv-00156-WKW-GMB, Doc. No. 24 at 4-5)).

Therefore, this action is due to be dismissed with prejudice pursuant to the court's inherent powers to control its docket and enforce compliance with its orders, and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Finally, as he already well knows, Smith is again reminded that this is <u>his</u> lawsuit, and it is <u>his</u> duty to comply with court orders and stay abreast of developments in the case. Smith knows that he is responsible to stay informed of the status of his cases and update his address with the court, knows that he has had issues receiving mail, resides in the area, and is capable of checking the status of his case by contacting or visiting the Office of the Clerk of the Court. Accordingly, any failure to receive any order previously entered in this case does not excuse noncompliance, and any failure to receive this Order and

Recommendation does not excuse Smith from timely filing an objection. *See Smith v. Adrian*, Case No. 2:23-cv-190-RAH-JTA (Doc. No. 10; Doc. No. 11 at 16-17 (Order and Recommendation finding that Smith is responsible to keep abreast of the status of his case for the same reasons set forth here)); *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA, July 14, 2023 Recommendation of the Magistrate Judge (Doc. No. 8 at 8 n.9) ("Smith is responsible for staying informed on the status of his cases."), *recommendation adopted*, August 29, 2023 Order of the United States District Judge (Doc. No. 9).

## IV. CONCLUSION

Accordingly, the undersigned RECOMMENDS that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and, alternatively, pursuant to the court's inherent authority to manage its docket and ensure compliance with its Orders.

Further it is ORDERED that the parties shall file any objections to this Recommendation on or before **December 26, 2023**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of December, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE