IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-cv-576-MHT-JTA |
| | ) (WO) |
| CIRCLE K INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is frequent *pro se* Plaintiff Peter J. Smith's untimely Motion for Leave to Proceed *in Forma Pauperis*, which the court CONSTRUES as a motion to file his amended motion to proceed *in forma pauperis* out of time. (Doc. No. 9.) For the reasons stated below, the motion is DENIED.

The December 12, 2023 Recommendation of the Magistrate Judge (Doc. No. 7) details Smith's familiarity with the necessity of filing an affidavit in support of a motion to proceed *in forma pauperis*, Rule 11's requirement that he not file motions he knows are not properly supported, the necessity of complying with court orders, and the consequences of failing to file the required affidavit and comply with court orders, including the potential for dismissal of his case. Because Smith once again did not file the required affidavit in support of his *in forma pauperis* motion, on October 24, 2023, he was ordered to file the required affidavit and warned that the case could be dismissed if he did not do so by

November 7, 2023.[1] (Doc. No. 6.) He did not comply. On December 8, 2023, over one month after the expiration of the deadline to comply, the undersigned recommended dismissal "pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and, alternatively, pursuant to the court's inherent authority to manage its docket and ensure compliance with its Orders." (Doc. No. 7 at 14.) The December 12, 2023 Recommendation further detailed Smith's long history of flouting court orders and of sanctions, including dismissal, for such conduct, including in cases similar to this one in which he did not timely comply with court orders to amend his *in forma pauperis* petition. (Doc. No. 7.)

On December 21, 2023, forty-four days after the deadline to do so, Smith filed an amended affidavit with no motion for leave to do so, no apology, and no explanation. (Doc. No. 9.) This filing is similar to Smith's unsuccessful attempts in other cases to untimely file the affidavit without leave in contravention of court orders, which at this point collectively highlight Smith's intransigently cavalier approach to court-ordered deadlines. Therefore, the undersigned merely notes the following points, since they have earnestly and repeatedly but futilely been explained to Smith in more detail on numerous past similar occasions.[2] First, Smith is aware that he cannot simply disregard deadlines in court orders.

---

[1]The October 24, 2023 Order further explained that, in light of Smith's familiarity with the requirement of a supporting affidavit and his knowledge "that he violates Rule 11 of the Federal Rules of Civil Procedure by filing a document that he knows or should know is meritless," the failure to file the affidavit was "not … in good faith." (Doc. No. 6 at 3.)

[2] *See, e.g.*, *Smith v. City of Montgomery, Alabama*, Doc. No. 13 (August 4, 2023 Order and Recommendation of the Magistrate Judge), No. 2:22-CV-298-MHT-JTA, 2023 WL 5004043 (M.D. Ala.) (denying a second out-of-time attempt to provide the affidavit in support of an *in forma pauperis* motion after the first untimely attempt had already been denied), *report and recommendation adopted*, No. 2:22-cv-298-MHT, 2023 WL 5939877 (M.D. Ala. Sept. 12, 2023); *Smith v. City of Montgomery, Alabama*, Doc. No. 8 (Apr. 4, 2023 Order), No. 2:22-CV-298-MHT-

Second, he is aware that such an untimely motion as the one at issue here requires a showing of good cause and excusable neglect, which, as in similar past instances, he has not provided. Fed. R. Civ. P. 6(b). Third, Smith is a frequent litigant in this court whose (to-date) forty-nine[3] cases have been nearly universally dismissed for failure to comply

---

JTA, 2023 WL 2777935 (M.D. Ala.) (denying an out-of-time attempt to provide the affidavit in support of an *in forma pauperis* motion); *Smith v. Boyd*, No. 2:22-CV-199-MHT-JTA, Doc. No. 8 (Feb. 16, 2023 Order), 2023 WL 8370467 (M.D. Ala.) (same); *Smith v. City of Montgomery*, Doc. No. 8 (Apr. 4, 2023 Order), No. 2:22-CV-169-MHT-JTA (M.D. Ala.) (same).

[3] "In fact, [Smith] has distinguished himself as one of the most notoriously, persistently, and intransigently prolific filers of meritless *in forma pauperis* cases in this court's history." *Smith v. Circle K Inc.*, No. 2:23-CV-67-MHT-JTA, 2023 WL 5603188, at *3 (M.D. Ala. July 14, 2023) (footnote omitted), *report and recommendation adopted*, No. 2:23CV67-MHT, 2023 WL 5596245 (M.D. Ala. Aug. 29, 2023). "A review of the cases filed by Smith shows that, although he filed his first case here in 2006 and became a frequent litigant soon thereafter, his filing rate has significantly accelerated in the last year or two." *Id*. at n.4. "Nearly every case Smith has filed has been dismissed pursuant to 28 U.S.C. § 1951(e)(2)(B) as frivolous or for failure to state a claim upon which relief can be granted, for failure to comply with court orders, for failure to prosecute, or for lack of jurisdiction." *Smith v. Montgomery County*, Alabama, No. 2:22-CV-307-ECM-JTA, 2023 WL 8610122, at *1 n.1 (M.D. Ala. Oct. 24, 2023), *report and recommendation adopted*, No. 2:22-CV-307-ECM, 2023 WL 8607006 (M.D. Ala. Dec. 12, 2023). To date, Smith has filed forty-nine cases in this court. *See Smith v. Circle K Inc., et al.,* 2:23-cv-00578-ECM-CWB; *Smith v. Circle K Inc., et al.,* 2:23-cv-00576-MHT-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00192-RAH-JTA; *Smith v. Adrian*, Case No. 2:23-cv-00191-MHT-KFP; *Smith v. Adrian*, Case No. 2:23-cv-00190-RAH-JTA; *Smith v. Circle K Inc.*, Case No. l2:23-cv-00078-MHT-JTA; *Smith v. Circle K Inc.*, Case No. 2:23-cv-00067-MHT-JTA; *Smith v. Retirement System of Alabama*, Case No. 2:23-cv-00024-ECM-SMD; *Smith v. City of Montgomery*, Case No. 2:23-cv-00023-ECM-SMD; *Smith v. Circle K Inc.*; Case No. 2:23-cv-00022-MHT-KFP; *Smith v. City of Montgomery*, Case No. 2:23-cv-00021-RAH-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:22-cv-00669-WKW-CWB; *Smith v. City of Montgomery*, Case No. 2:22-cv-00668-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00482-WKW-CWB; *Smith v. Retirement System of Alabama*, Case No. 2:22-cv-00481-WKW-CWB; *Smith v. Subway Inc.*, Case No. 2:22-cv-00479-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00441-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00440-WKW-CWB; *Smith v. RSA Tower*, Case No. 2:22-cv-00439-WKW-CWB; *Smith v. Montgomery County*, Case No. 2:22-cv-00307-WKW-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00298-MHT-JTA; *Smith v. Boyd*, Case No. 2:22-cv-00199-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00196-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00169-MHT-JTA; *Smith v. City of Montgomery*, Case No. 2:22-cv-00168-MHT-JTA; *Smith v. Jackson Hospital*, Case No. 2:21-cv-00092-RAH-KFP; *Smith v. Restaurant Brands International Inc.*, Case No. 2:21-cv-00084-WKW-KFP; *Smith v. Retirement Systems of Alabama*, Case No. 2:21-cv-00335-ECM-JTA; *Smith v. Jackson Hospital*, Case No.

with court orders, failure to prosecute, and/or as frivolous and meritless under 28 U.S.C. § 1915(e)(2)(B). As Smith has been told before, if he is not held to the same standard as other litigants and required to timely comply with court orders in each of his manifold cases, the impact on the efficiency and administration of justice and the availability of limited judicial resources will be and is palpable in other cases and matters before the court. He cannot be allowed to vexatiously drain court resources that should be directed toward meritorious actions litigated by those who litigate in good faith and timely comply with court orders and the Rules of Civil Procedure. These things are always true, but they are particularly salient during the current state of judicial emergency in this district.

Accordingly, it is

ORDERED that Smith's Motion for Leave to Proceed *in Forma Pauperis* (Doc. No. 9) is CONSTRUED as a motion for leave to file his amended motion to proceed *in forma pauperis* out of time and is DENIED.

DONE this 28th day of December, 2023.

---

2:21-cv-00238-RAH-SMD; *Smith v. Montgomery Area Transit System (MATS) Inc.*, Case No. 2:20-cv-00779-WKW-JTA; *Smith v. Circle K Inc.*, Case No. 2:20-cv-00699-WKW-CWB; *Smith v. Waffle House Inc.*, Case No. 2:19-cv-01033-WKW-SRW; *Smith v. Subway Inc.*, Case No. 2:19-cv-00592-RAH-SMD; *Smith v. Walmart Inc.*, Case No. 2:20-cv-00406-MHT-SMD; *Smith v. Regions Bank Inc.*, Case No. 2:19-cv-00213-ECM-WC; *Smith v. Humana Inc.*, Case No. 2:19-cv-00212-ECM-SMD; *Smith v. Chick-Fil-A RSA Regions Tower*, Case No. 2:19-cv-00128-WKW-SRW; *Smith v. Walmart Stores, Inc.*, Case No. 2:19-cv-00089-WKW-WC; *Smith v. U.S. Agencies*, Case No. 2:16-cv-00218-WKW-GMB; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00167-WKW-TFM; *Smith v. The Montgomery Police Department*, Case No. 2:16-cv-00156-WKW-GMB; *Smith v. Game Stop*, Case No. 2:16-cv-00129-WKW-WC; *Smith v. Cedar Crest Nursing Home*, Case No. 2:16-cv-00111-WKW-WC; *Smith v. Walmart*, Case No. 2:15-cv-00899-WKW-TFM; *Smith v. Auburn University*, Case No. 2:12-cv-00230-MEF-TFM; *Smith v. Eike*, Case No. 2:12-cv-00085-MHT-CSC; *Smith v. Auburn University*, Case No. 2:11-cv-00364-MHT-WC; *Smith v. Cedar Crest Nursing and Rehabilitation*, Case No. 2:08-cv-00580-MEF-CSC; *Smith v. Alabama Department of Transportation*, Case No. 2:06-cv-00118-WKW-DRB.

5

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE